# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to: | |
| Leopoldo Duron, Jr., | |
| Plaintiff, | |
| v.        Civil No. 06-25 (DWF/AJB) | **MEMORANDUM OPINION AND ORDER** |
| Guidant Corporation, Guidant Sales Corporation, Boston Scientific Corp., and Cardiac Pacemakers, Inc., | |
| Defendants, | |
| and | |
| Bloomberg, L.P., | |
| Intervenor. | |

## INTRODUCTION

This matter is before the Court pursuant to a Motion to Intervene and to Unseal Summary Judgment Motion Papers and Associated Materials (MDL No. 05-1708 (DWF/AJB), Doc. No. 1930, Civ. No. 06-25 (DWF/AJB), Doc. No. 177) brought by Bloomberg L.P. ("Bloomberg"), a financial news and data company that operates, among other things, Bloomberg News. Specifically, Bloomberg seeks "access to those sealed documents specifically referenced in the hearing before the Court on defendants' several

summary judgment motions" and to the "summary judgment motion papers and the associated materials filed with the Court."  (Bloomberg Mem. at 3.)  Bloomberg's somewhat generic motion does not describe which summary judgment materials it is seeking.  Based on when it was filed, however, it is clear that Bloomberg is seeking summary judgment materials submitted in connection with the *Duron v. Guidant Corp., et al.* bellwether trial.

In response to Bloomberg's motion, Guidant Corporation, Guidant Sales Corporation, Boston Scientific Corp., and Cardiac Pacemakers, Inc. (collectively, "Guidant") have agreed to unseal certain documents but have requested that other documents remain sealed based on Guidant's assertion that those documents contain proprietary or trade secret information.  Plaintiff Leopoldo Duron, Jr. generally does not oppose the unsealing of the requested documents but requests that several documents remain sealed based on privacy concerns.[1]

For the following reasons, the Court grants in part and denies in part Bloomberg's motion.

---

[1]     Despite a previous filing announcing the attorneys that are Duron's trial counsel, *see* MDL Civ. No. 05-1708 (DWF/AJB), Doc. No. 1300, both Duron's original attorneys and the Plaintiffs Lead Counsel Committee ("PLCC") insisted on submitting separate responses to Bloomberg's motion.  It is unclear why they were unable to coordinate their responses, especially given that both purport to address Duron's interests.  In the future, the Court expects the bellwether plaintiffs and the PLCC to coordinate any responses to motions.

## BACKGROUND

Dr. Steven Higgins surgically implanted a Guidant-manufactured implantable cardioverter defibrillator ("ICD"), the VENTAK PRIZM 2 DR, Model 1861 (the "Prizm 2"), in Duron in March 2002.  An ICD is a device that is implanted in a patient with certain ventricular arrhythmias or with a risk of having such arrhythmias.  It monitors a patient's heart rhythm and, if needed, acts to correct or restore that rhythm. After the FDA recalled Duron's Prizm 2 in June 2005, Duron commenced a civil action against Guidant in the Southern District of California, alleging multiple state-law claims. The Judicial Panel on Multidistrict Litigation transferred Duron's case to this Court pursuant to 28 U.S.C. § 1407 for coordinated and consolidated pretrial proceedings.  The parties eventually selected Duron's case to be the first bellwether trial.[2]

Early in this MDL litigation, the parties stipulated to a Protective Order (the "Protective Order").  (PTO No. 2 at ¶ 20, Ex. D.)  In relevant part, that order states "[a]ny party may reasonably designate any document containing Confidential Information, or portion thereof, which it may produce as 'Confidential' by labeling the document to be so designated substantially as follows:  'CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER.'"  (PTO No. 2, Ex. D at ¶ 3.)  The Protective Order defines "confidential information" to include "information, documents, or other material that the designating

---

[2]     The trial in *Duron* was scheduled to begin on July 30, 2007.  In early July 2007, Guidant entered into a proposed settlement with the PLCC, and as a result, the bellwether trial dates have been suspended.  (MDL 05-1708 (DWF/AJB), Doc. No. 2211.)

(Footnote Continued on Next Page)

party reasonably and in good faith believes constitutes or reflects trade secrets or information whose confidentiality is otherwise protectable under applicable law," including but not limited to "confidential research, development, or commercial information," and "personal medical information, private personal information, protected health information, tax return, and other information reasonable sought to be kept confidential." (*Id.* ¶ 1.)

Although the Protective Order allows the parties to file certain documents under seal if those documents contain confidential information, it specifically states that "[t]he Court retains the power, either upon motion of any interested party or on its own motion, to determine whether materials filed under seal shall remain sealed." (*Id.* ¶ 10.) The order further provides a mechanism for allowing third-parties to challenge the confidential designations, and it explains that "[n]othing shall prevent disclosure beyond the terms of this order if the party designating the materials or testimony as confidential either publicly discloses such information or consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and there has been a final judgment (including conclusion of any appeal therefrom) on this issue." (*Id.* ¶ 17.)

In April 2007, Guidant and Duron filed various summary judgment motions in advance of the first bellwether trial. Most of the materials associated with those motions were filed under seal. The Court heard arguments on the motions on May 18, 2007. Prior

(Footnote Continued From Previous Page)

to, during, or after the all-day motion hearing, no party asked the Court to seal the

courtroom or the transcript, and no one requested a roll call or similar inquiry.  Several

members of the press were present during the entire hearing.  And both parties used some

of the documents at issue in this motion during the motion hearing, knowing that the press

and other third parties were present.  The Court issued its Memorandum Order and

Opinion on the parties' summary judgment motions on June 12, 2007.  (*See* MDL

05-1708 (DWF/AJB), Doc. No. 1927; Civ. No. 06-25 (DWF/AJB), Doc. No. 176.)  On

June 13, 2007, Bloomberg filed its current motion for the purpose of unsealing the

summary judgment briefs and supporting documents.

## DISCUSSION

## I.      Motion to Intervene

Bloomberg seeks permissive intervention pursuant to Federal Rule of Civil

Procedure 24(b).  Rule 24(b) provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action:
> . . . (2) when an applicant's claim or defense and the main action have a
> question of law or fact in common. . . .  In exercising its discretion the court
> shall consider whether the intervention will unduly delay or prejudice the
> adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).  Although the Eighth Circuit has not decided whether permissive

intervention is the appropriate procedural course for third-party challenges to protective

orders, this district follows the majority view, which allows a party to challenge a

protective order under Rule 24(b).  *See In re Baycol Prods. Litig.*, 214 F.R.D. 542, 543

(D. Minn. 2003); *Cardiac Pacemakers, Inc. v. Aspen II Holding Co.*, Civ. No. 04-4048

(DWF/FLN), 2006 WL 3079410, at * 4 (D. Minn. Oct. 24, 2006).  In deciding whether to grant permissive intervention, the Court considers three factors:  (1) whether the motion to intervene is timely; (2) whether the applicant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights.  *In re Baycol Prods. Litig.*, 214 F.R.D. at 543-44.  The Court has discretion to grant or deny a motion for permissive intervention, and its decision is reviewed under an abuse of discretion standard.  *South Dakota v. United States Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

Bloomberg seeks to intervene for the limited purpose of seeking public disclosure of the memoranda and supporting documents filed by Guidant and Duron with respect to their summary judgment motions and any documents that were referenced or shown in the motion hearing.  Bloomberg asserts that it is entitled to the information it seeks because, "[a]s a guardian of the public's presumptive right of access," it has a presumptive right to the information.  (Bloomberg Mem. at 7.)  Bloomberg explains that "the public interest in this case is particularly compelling, given the underlying questions of whether a life-saving medical device functioned properly and whether the manufacturer sold it to the public with knowledge that the device was flawed and had failed to function in some cases."  (*Id*. at 2.)

Neither Guidant nor Duron specifically challenge Bloomberg's motion to intervene on the grounds that it is untimely, lacks common questions of law or fact, or is

unduly prejudicial.  Given this, the Court grants Bloomberg's Motion to Intervene for the limited purposes stated in its motion papers.

## II.     Motion to Unseal

Next, Bloomberg moves the Court to unseal the summary judgment briefs and related documents.  As stated earlier, it seeks "access to those sealed documents specifically referenced in the hearing before the Court on defendants' several summary judgment motions" and to the "summary judgment motion papers and the associated materials filed with the Court."  (Bloomberg Mem. at 3.)  Bloomberg argues that the parties have not met their high burden under the Protective Order or under common law of showing why certain documents should remain sealed.  It points out that many of the documents have been sealed in their entirety, and it asserts that some of the documents likely could have been submitted with limited redactions.  Bloomberg contends that it is merely seeking to protect the public's presumptive right of access to judicial records.  It acknowledges that the presumption may be overcome by a showing of countervailing interests but contends that Guidant and/or Duron have made no such showing.  In addition, Bloomberg contends that the First Amendment creates a presumptive right of public access to judicial records in civil cases and that, pursuant to this right, Bloomberg is entitled to access to the entire summary judgment record.

Guidant opposes Bloomberg's motion with respect to certain documents that it contends contain confidential and/or trade secret information that would be considered beneficial to competitors if made public.  Guidant points out that the Court has discretion

to keep documents sealed when it is necessary for the fair administration of justice, even if some documents may have been used in open court.[3]

Duron opposes Bloomberg's motion to the extent that it seeks private and/or personal information related to Duron or his family members. He asserts that this information includes information about "his medical history, communications with his medical providers, employment evaluations, employment performance reports, earnings information, and private communications between Mr. Duron and his family and co-workers." (MDL 05-1708 (DWF/AJB), Doc. No. 2386; Civ. No. 06-25 (DWF/AJB), Doc. No. 221.)

Rule 26 of the Federal Rules of Civil Procedure anticipates that, in certain cases, discovery of trade secrets or other confidential information may be sealed. That Rule provides, in part, that a court "may make any [protective] order which justice requires to

---

[3]     The cases that Guidant relies on that discuss sealed documents used in open court are distinguishable from this case because the press was present during the motion hearing and because Guidant never asked for the documents or the transcript to remain sealed after the motion hearing. In *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996), the issue concerned whether the public could have access to a videotape that was not in the judicial record, and the public did have access to the transcript of the deposition that was a part of the judicial record. In *Imageware, Inc. v. U.S. West Commc'n*, 219 F.3d 793, 795-96 (8th Cir. 2000), the issue before the court involved whether the protective order was ambiguous and whether a contempt finding was appropriate. In *Jochims v. Isuzu Motors, LTD*, 151 F.R.D. 338, 341 (S.D. Iowa 1993), the press was not present during the trial, and the party seeking to have the documents remain sealed after they were used at trial communicated its desires to the Court at the end of trial. Given the discretion afforded to the Court and the dearth of on-point authority, the Court concludes that it must evaluate whether the documents shown or referred to at the motion hearing should remain sealed under the standard discussed below.

(Footnote Continued on Next Page)

8

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26.  "Whether trade secrets are involved or not, and whether their revelation will cause damage to someone, are questions of fact, to be decided [by the court] after receiving evidence." *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 663 (8th Cir. 1983).  Courts should not simply take representations of interested counsel on faith, but should instead conduct a limited *in camera* review of documents alleged to contain trade secrets and other proprietary information. *Id.* at 662–63.

There is a common-law right of access to judicial records. *See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).  The Eighth Circuit has held that this right of access "is not absolute, but requires a weighing of competing interests." *Id.*  A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion. *Id.*  The Court finds that Guidant and Duron have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment. *See Joy v. North,* 692 F.2d 880, 893 (2d Cir. 1982) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.").

---

(Footnote Continued From Previous Page)

With these guidelines in mind, the Court reviewed *in camera* the documents that

Guidant and/or Duron object to unsealing for good cause under Fed. R. Civ. P. 26 and

weighed the competing interests regarding the common-law right of access to judicial

records.[4]   The Court determined which documents contain trade secrets, proprietary

information, or other confidential information and then weighed Bloomberg's need for

disclosure against the potential harm that unsealing may cause Guidant or Duron.

For the documents that contain trade secrets and other proprietary information, the

Court finds that there is no reasonable alternative to sealing most of these documents.

Indeed, trade secrets' "only value consists in their being kept private." *Iowa Freedom*,

724 F.2d at 662.  "If they are disclosed or revealed, they are destroyed." *Id.*  For

documents used in open court, the Court concludes that any trade secret status those

documents may have had was destroyed when it was used in open court during the motion

hearing.  For documents containing what Duron considers to be personal information, the

Court concludes that Duron's medical and personal financial information should remain

---

[4]      Following the Eighth Circuit Court of Appeals' approach in *Webster Groves*, the
Court does not reach Bloomberg's argument that the First Amendment creates a
presumptive right of public access to judicial records in civil cases.  In *Webster Groves*,
the Eighth Circuit noted that the Supreme Court has never found a First Amendment right
of access to civil proceedings or to the court file in a civil proceeding but found it
unnecessary to decide this question, holding that whether it applied a constitutional
standard or a common-law standard, the result would have been the same after weighing
the interests involved.  *Webster Groves*, 898 F.2d at 1377.  Likewise, here, whether
applying a constitutional standard or the common-law standard, the Court finds that
Bloomberg's interest in access to the records is generally outweighed by Guidant's and/or
Duron's interest in keeping trade secrets, proprietary business information, or other

(Footnote Continued on Next Page)

sealed.  *Cf. United States. ex rel. Montgomery v. St. Edward Mercy Med. Ctr.*,

No. 4:05-CV-00899 (GTE), 2007 WL 60936, at * 2 (E.D. Ark. Jan. 5, 2007).  With

respect to other documents that Duron considers "personal," the Court used its discretion

to determine whether a plaintiff, who has availed himself of the public court system,

should have his personal documents sealed from public view simply because he considers

some information private.

Based on the foregoing and on the parties' separate submissions to the Court, the

Court has created three tables of documents based on the submissions of the PLCC,

Duron, and Guidant.[5]  Each table lists the parties' positions regarding which documents

they believe should remain sealed, and the Court's ruling as to each document.  The

Court's rulings are announced using the following designations:  "A" means that the

information sought to be unsealed contains a trade secret or other proprietary information

that requires the document to remain sealed; "B" means that the information sought to be

unsealed contains confidential medical or other personal identifier information that, in

accordance common-law and the E-Government Act of 2002 (Pub. L. 107-347), requires

the document to remain sealed; "C" means that the information sought to be unsealed

does not contain any information that requires it to remain sealed and thus the document

shall be unsealed; and "D" means that the document contains some information that

---

(Footnote Continued From Previous Page)
personal, medical, and financial information confidential.
5      The tables are presented in slightly different formats based on how the parties
(Footnote Continued on Next Page)

should remain sealed and for that reason, the document shall be unsealed with limited and

narrow redactions.

With respect to the PLCC's objections that certain Duron documents remain

sealed, *see* MDL 05-1708 (DWF/AJB), Doc. No. 2056, the Court hereby enters the

following ruling:

| Document Description | MDL 05-1708 (DWF/AJB) Doc. # | Civ. No. 06-25 (DWF/AJB) Doc. # | Exhibit Number | Ruling |
|---|---|---|---|---|
| Discharge Summary | 1709 | 138 | 1 | B |
| Operative Report | 1709 | 138 | 2 | B |
| Device Card and Driver's License | 1709 | 138 | 3 | B |
| Call to Doctor | 1709 | 138 | 6 | B |
| Call to Doctor | 1709 | 138 | 8 | B |
| Letter to Duron from Kaiser | 1709 | 138 | 9 | C |
| Hospital Discharge Summary | 1709 | 138 | 11 | B |
| Prescription Label | 1709 | 138 | 12 | B |
| Clinical Progress Note | 1709 | 138 | 13 | B |
| Operative Procedure Record | 1709 | 138 | 14 | B |
| Consent to Operate | 1709 | 138 | 15 | B |
| Operative Report | 1709 | 138 | 16 | B |
| Anesthesia Record | 1709 | 138 | 17 | B |
| Discharge Notes | 1709 | 138 | 18 | B |
| Call to Triage Nurse | 1709 | 138 | 19 | B |
| Call to Triage Nurse | 1709 | 138 | 20 | B |
| Urgent Care Progress Notes | 1709 | 138 | 21 | B |
| Clinical Progress Note | 1709 | 138 | 22 | B |
| Call to Doctor | 1709 | 138 | 23 | B |
| Emergency Department Report | 1709 | 138 | 25 | B |
| Clinical Progress Report | 1709 | 138 | 26 | B |
| Primary Care Progress Report | 1709 | 138 | 27 | B |
| Dr. Clipson Report | 1709 | 138 | 34 | B |

(Footnote Continued From Previous Page)
submitted their objections.

| Document Description | MDL 05-1708 (DWF/AJB) Doc. # | Civ. No. 06-25 (DWF/AJB) Doc. # | Exhibit Number | Ruling |
|---|---|---|---|---|
| Dr. Colarusso Report | 1709 | 138 | 35 | B |
| Direct Deposit Slip | 1709 | 138 | 39 | B |
| AICD Clinic Notes | 1709 | 138 | 40 | B |

With respect to the Duron's objections that certain documents remain sealed, *see* MDL 05-1708 (DWF/AJB), Doc. No. 2386; Civ. No. 06-25 (DWF/AJB), Doc. No. 221, the Court hereby enters the following ruling:

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| **Leopoldo Duron, Jr. Medical Records** | Defendants' MSJ Based on Preemption | I | 000131-25SMJ-00088; 000131-16CAE-00011 – 000131-16CAE-00013; 000131-25SMJ-00148 – 000131-25SMJ-00150; PLTF0502 – PLTF0504 | B |
| | Defendants' MSJ Re Cause of Action for Strict Liability (Design Defect) | J | Exhibit 5 to Deposition of Leopoldo Duron, Jr. (no Bates # on document) | B |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| | Defendants' Reply Brief | 60 | 000131-21STU-00276 - 000131-21STU-00277; 000131-21STU-00313; 000131-25SMJ-00145 - 000131-25SMJ-00147; 000131-25SMJ-00084; 000131-25SMJ-000513 - 000131-25SMJ-000514; 000131-25SMJ-00148 - 000131-25SMJ-00150; 000131-25SMJ-00152 - 000131-25SMJ-00154; 000131-25SMJ-00159; 000131-25SMJ-00160; 000131-25SMJ-00167 - 000131-25SMJ-00168; 000131-21STU-00323; 000131-21STU-00335; 000131-21STU-00342; 000131-21STU-00349; 000131-21STU-00358; 000131-21STU-00375 - 000131-STU-00377; 000131-21STU-00385; 000131-21STU-00401; 000131-21STU-00361; 000131-18SCP-00170; PLTF0001 | B |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| | Plaintiffs' Power Point Presentation From 5-18-07 Hearing | N/A | MED 406 - MED 407 | C |
| | Defendants' Reply Brief | | | B |
| **Leopoldo Duron, Jr. Deposition Transcript** | Defendants' MSJ Based on Preemption | J | N/A | D because of B |
| | Defendants' MSJ Re Cause of Action for Strict Liability (Design Defect) | A | N/A | D because of B |
| | Defendants' MSJ Re Unfair and Deceptive Trade Practices and Consumer Fraud | E | N/A | D because of B |
| | Defendants' MSJ Re Unjust-Enrichment Claim | B | N/A | D because of B |
| | Defendants' MSJ Based on Lack of Breach of Warranties | B | N/A | D because of B |
| | Defendants' MSJ Re Failure-to-Warn Claims | J | N/A | D because of B |
| | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | D | N/A | D because of B |
| | Defendants' MSJ Based on Lack of Injury Caused by Malfunction | A | N/A | D because of B |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| | Defendants' MSJ on Punitive Damage Claim | J | N/A | D because of B |
| | Defendants' Reply Brief | 61 | N/A | D because of B |
| **Irene Duron Deposition Transcript** | Defendants' MSJ Based on Lack of Breach of Warranties | C | N/A | C |
| | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | E | N/A | C |
| | Defendants' Reply Brief | 69 | N/A | C |
| **Corinna Duron Deposition Transcript** | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | F | N/A | C |
| | Defendants' Reply Brief | 72 | N/A | C |
| **Carmen Appel Deposition Transcript** | Defendants' Reply Brief | 70 | N/A | C |
| **Raquel Duron Deposition Transcript** | Defendants' Reply Brief | 71 | N/A | C |
| **Roland Arnold Deposition Transcript** | Defendants' Reply Brief | 73 | N/A | C |
| **Antonio Ricciardi Deposition Transcript** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in Opposition to Defendants' MSJs | 44 | N/A | C |
| **Joe Muniz Deposition Transcript** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's | 48 | N/A | C |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| **Transcript** | Support of Plaintiff's Submission in Opposition to Defendants' MSJs | | | |
| **Dr. Stephen Hughes, M.D. Deposition Transcript** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in Opposition to Defendants' MSJs | 51 | N/A | B |
| **Dr. Colarusso Deposition Transcript** | Defendants' Reply Brief | 76 | N/A | B |
| **Employment Attendance Records** | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | I | N/A | D because of B |
| **Employment Annual Performance Appraisals** | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | I | N/A | D because of B |
| **Duron Obituary** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in Opposition to Defendants' MSJs | 32 | N/A | C |
| **Duron Employment History** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in Opposition to Defendants' MSJs | 33 | N/A | C |
| **Employment Records** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in | 36 | DURON GUIDANT 16, DURON GUIDANT 72 - DURON GUIDANT | D because of B |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| | Opposition to Defendants' MSJs | | 75 | |
| **Photos** | Affidavit of Elizabeth A. Peterson In Support of Plaintiff's Submission in Opposition to Defendants' MSJs | 24 | Plaintiff Duron 1 | C |
| | Plaintiffs' Power Point Presentation From 5-18-07 Hearing | N/A | N/A | C |
| **Plaintiff Fact Sheet of Leopoldo Duron, Jr.** | Defendants' MSJ Re Unfair and Deceptive Trade Practices and Consumer Fraud | J | N/A | B |
| | Defendants' Reply Brief | 63 | N/A | B |
| **Report of Dr. Kent W. Franks** | Defendants' Reply Brief | 74 | N/A | B |
| **Report of Dr. Robert P. Granacher** | Defendants' Reply Brief | 75 | N/A | B |
| **Report of Dr. Harold Ginzburg** | Defendants' Reply Brief | 77 | N/A | B |

| Document Description | Motion/Pleading with which Document was Filed | Exhibit # | Bates # of Document | Ruling |
|---|---|---|---|---|
| | Defendants' MSJ Re Intentional and Negligent Infliction of Emotional Distress | G | N/A | B |

Guidant's objections that certain Duron documents remain sealed were submitted in four charts containing hundreds of entries.  (*See* MDL 05-1708 (DWF/AJB), Doc. No. 2422, Exs. C-F.)  Because the Court agrees to keep most of those documents sealed or redacted as described in Guidant's submissions, the following chart depicts *only* those documents for which the Court enters a ruling that is *not* in agreement with Guidant's proposed basis for sealing or redacting those documents.

| Guidant Objection Chart Reference | Document Description | Bates # | Ruling |
|---|---|---|---|
| C (p. 9) | Submission to FDA regarding Ventak Prx Investigational Device Exemption | CPI 100 00056084- CPI 100 00056117 | D because of A (redact those portions that were not quoted from or shown in Plaintiffs' PowerPoint Presentation) |
| C (p. 11) | 2000 Prizm 2 Biocompatibility Assessment | CPI 2 00001597- CPI 2 00001609 | D because of A (redact those portions that were not quoted from |

| Guidant Objection Chart Reference | Document Description | Bates # | Ruling |
|---|---|---|---|
| | | | or shown in Plaintiffs' PowerPoint Presentation) |
| C (p. 12) | Prizm 1861 Risk Assessments | CPI 35 00000004- CPI 35 00000015 | D because of A (redact those portions that were not quoted from or shown in Plaintiffs' PowerPoint Presentation) |
| D | Slides 5, 6, 7, 12, 13, 21, 48, and 49 from Plainitffs' PowerPoint Presentation during the May 18, 2007 hearing | N/A | C |

With respect to *all* other documents that were filed in connection with the *Duron* summary judgment materials or used during the summary judgment motion hearing and that are not addressed in this Order, the Court orders that all of those documents be unsealed.[6]

---

6      The Court respectfully requests Duron and Guidant to work together to electronically file all documents that shall be unsealed pursuant to this Order.  Because the parties submitted their objections in different formats and some documents that require sealing appear in various places in the summary judgment record, the Court respectfully requests that the parties work together to ensure that only those documents that are ordered to be unsealed are electronically filed.  The Court assumes that the parties will communicate with each other to determine the best possible way to accomplish this

(Footnote Continued on Next Page)

**CONCLUSION**

**IT IS HEREBY ORDERED** that**:**

1.      Bloomberg L.P.'s Motion to Intervene and Unseal Summary Judgment Motion Papers and Associated Materials (MDL 05-1708 (DWF/AJB), Doc. No. 1930; Civ. No. 06-25 (DWF/AJB), Doc. No. 177) is **GRANTED IN PART AND DENIED IN PART.**

2.      Under the Protective Order, Guidant and Duron have a right to appeal the Court's conclusions with respect to the unsealing of the documents.  If either Guidant or Duron intends to appeal this Order, in whole or in part, they must do so within ten (10) days from the date of this Order.  If they do not intend to appeal, they must inform the Court in writing of their intent within ten (10) days from the date of this Order.

3.      Consistent with this Order and within fifteen (15) days from the date of this Order, the Court directs Guidant and Duron to electronically file the summary judgment briefs and supporting documents that the Court orders to be unsealed.  If either party appeals only part of this Order, within fifteen (15) days from the date of this Order, it must nonetheless electronically file all documents that were ordered unsealed by this Order but are not the subject of its appeal.

---

(Footnote Continued From Previous Page)
task, whether it be by each party refiling their own documents after referencing this Order or by designating one party to be responsible for refiling all of the documents that have been unsealed.

4.      In light of the Court's Order, Plaintiffs' Motion in Support of Bloomberg

L.P.'s Motion to Intervene and Unseal the Summary Judgment Motion Papers and

Associated Materials, and Plaintiffs' Renewed Motion for an Order Compelling

Defendants to Show Cause Why Designated Documents Should Remain Confidential

(MDL No. 05-1708 (DWF/AJB), Doc. No. 2053) is **DENIED AS MOOT**.


Dated:  October 3, 2007          s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court